E-FILED
Thursday, 25 May, 2006  08:28:40 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL MEDJUCK,<br><br>    Petitioner,<br><br>    v.<br><br>STEVEN D. DEATHERAGE, UNITED STATES MARSHAL, CENTRAL DISTRICT OF ILLINOIS, AND SUPERINTENDENT EARL HELM, TAZEWELL COUNTY JAIL,<br><br>    Respondents. | Case No. 06-1130<br><br>**FILED**<br><br>MAY 2 4 2006<br><br>JOHN M. WATERS, Clerk<br>U.S. DISTRICT COURT<br>CENTRAL DISTRICT OF ILLINOIS |

## **O R D E R**

This matter is now before the Court on Petitioner, Michael Medjuck's ("Medjuck"), Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and the Government's Motion to Dismiss. On May 24, 2006, the Court held an in-person hearing on this Petition. For the reasons stated on the record during the hearing, the Court finds that the Government's Motion to Dismiss is appropriately granted. Medjuck is currently in custody on pending criminal charges in Spain and was temporarily brought to the United States pursuant to the Mutual Legal Assistance Treaty ("MLAT") for purposes of testifying in a criminal case in this District. Despite Medjuck's zealous efforts to present his arguments as a claim that he is being unlawfully held in this District in violation of his constitutional rights, his Petition is nothing more than a thinly veiled attempt to collaterally attack the validity of the pending Spanish criminal charges.

Medjuck has provided no authority establishing that the Court has jurisdiction to grant the relief requested pursuant to § 2241 under the circumstances of this case. To the

contrary, precedent indicates that provisions in the United States Constitution, including writs of habeas corpus, "'have no relation to crimes committed without the jurisdiction of the United States against the laws of a foreign country'; an American citizen who commits a crime in a foreign country is subject to trial and punishment under the laws of that country." Bishop v. Reno, 210 F.3d 1295, 1300 (11th Cir. 2000), citing Neely v. Henkel, 180 U.S. 109, 122-23 (1901). Given this precedent, as well as the fact that both 18 U.S.C. § 3508 and the MLAT provide for the return of the witness to the foreign country from which he is transferred as soon as circumstances permit, the Court concludes that Medjuck's Petition must be dismissed.

The enforcement of this Order will be stayed until 5:00 p.m. central time on May 26, 2006, to allow Medjuck to file an emergency appeal to the Seventh Circuit Court of Appeals. If the Seventh Circuit has not entered its own stay by that time, the stay imposed by this Order will automatically dissolve, and the U.S. Marshal Service may return him to Spain.

ENTERED this 24th day of May, 2006.

s/Michael M. Mihm
Michael M. Mihm
United States District Judge